**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

In re:

Richartz, Fliss, Clark & Pope, Inc.,

Debtor.

-------------------------------------------------------------x

ANGELA TESE-MILNER, as Chapter 7 Trustee
of Richartz, Fliss, Clark & Pope, Inc.,

Plaintiff,

vs.

BRIDAL GUIDE MAGAZINE.

Defendant.

-------------------------------------------------------------x

NOT FOR PUBLICATION

Chapter 7

Case No. 08-13919 (MG)

Adv. Proc. No. 10-03317 (MG)

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH**
**PREJUDICE**

*A P P E A R A N C E S:*

TESE & MILNER, LLP
*Attorneys for Angela Tese-Milner, Chapter 7 Trustee*
One Minetta Lane
New York, NY 10112
By:     Angela Tese-Milner, Esq.

HALPERIN BATTAGLIA RAICHT, LLP
*Attorneys for Defendant Bridal Guide Magazine*
555 Madison Avenue, 9th Floor
New York, NY 10022
By:     Walter Benzija, Esq.
            Alan D. Halperin, Esq.
            Debra J. Cohen, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is Bridal Guide Magazine's ("RFP")[1] Motion to Dismiss an adversary proceeding for (1) Angela Tese-Milner's (the "Trustee") failure to sue a juridical person[2]; and (2) failure to state a claim upon which relief can be granted (the "Motion"). The Trustee is seeking to recover for the benefit of the estate as alleged property of Richartz, Fliss, Clark & Pope, Inc. (the "Debtor") under section 549 of the Bankruptcy Code, a transfer made to RFP by a non-debtor third party, the Grenada Board of Tourism ("GBT"). The Court heard oral argument on the motion on October 27, 2010 and took the matter under submission. For the reasons explained below, the Court concludes that the complaint must be dismissed for failure to state a claim. In light of this conclusion, an amendment of the Complaint to name RFP as the proper party defendant would be futile. Therefore, the Motion to dismiss is granted with prejudice.

## BACKGROUND

On October 6, 2008 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. (Case No. 08-13919, ECF Doc. # 1.) On April 27, 2009 (the "Conversion Date"), the Debtor's case was converted from a case under chapter 11 to a case under chapter 7 and the Trustee was appointed. (Case No. 08-13919, ECF Doc. # 58.) Prior to

---

[1]    Bridal Guide Magazine is not a juridical person. It is not a corporation, partnership, unincorporated association or an individual. (ECF Doc. # 7.) Rather, it is a magazine that is published by RFP, LLC ("RFP"). Therefore, the defendant in this action will be referred to as RFP.

[2]    The Trustee filed a cross-motion for leave to amend the complaint to name RFP LLC as the defendant (the "Cross-Motion"). (ECF Doc. # 16.) Because the Trustee's complaint seeking recovery of property of the estate (the "Complaint") fails to state a claim upon which relief can be granted, it is futile to grant the Trustee's Cross-Motion. The Trustee's failure to name a juridical person as defendant will not be discussed, as RFP established an alternative ground for dismissal.

filing for bankruptcy, the Debtor was in the business of providing advertising and public

relations services.  Prior to the Petition Date, Debtor was retained by GBT to provide GBT

advertising and public relations services.

On or about April 2, 2008, the Debtor, acting on behalf of GBT, submitted to RFP

insertion order # 00466-00001-000 (the "First Order") for a full page advertisement for GBT in

the July/August 2008 edition of Bridal Guide Magazine (the "First Ad") for a price of

$10,418.00, plus a $1,838.47 commission to be earned by the Debtor.  On or about July 14,

2008, the Debtor, acting on behalf of GBT, again submitted to RFP another insertion order #

004629-00001-000 (the "Second Order" and together with the First Order, the "Orders") for a

full page advertisement (the "Second Ad") in the following edition of Bridal Guide Magazine.

This advertisement was for the same price, $10,418.00, again plus a $1,838.47 commission to be

earned by the Debtor.

On June 1, 2008, RFP forwarded the Debtor invoice number 119795 (the "First Invoice")

for the First Ad in the aggregate amount of $12,256.47, representing the ad price plus the

Debtor's commission ("First Commission").  The First Invoice, attached to RFP's Motion as

Exhibit B, clearly distinguishes between the ad price and the Debtor's commission.  On October

1, 2008, RFP forwarded the Debtor invoice number 120448 (the "Second Invoice" and together

with the First Invoice, the "Invoices"), for the Second Ad, again broken down between the ad

price and the Debtor's commission.  Thereafter, on or about May 20, 2009, GBT paid the

Invoices in full by remitting $24,512.94 to RFP, representing $20,836.00 for the actual ad space,

and $3,676.94 for the Debtor's commissions.

On June 18, 2010, the Trustee commenced this adversary proceeding against "Bridal

Guide Magazine" to recover the entire $24,512.94 paid by GBT to RFP.  The Trustee extended

GBT's time to answer or otherwise respond to the Complaint to August 30, 2010.  On August 20, 2010, RFP turned over the commission payments ($3,676.94) to the Trustee, but retained the $20,836.00 fee for the advertisement space.

The Trustee contends that all of the funds that GBT paid to RFP are property of the estate pursuant to section 541 and that the Trustee is entitled to collect the remaining $20,836.00 retained by RFP.  RFP argues that the Debtor was RFP's agent and that amounts paid to RFP for the ads were never property of the estate.  As explained below, the documents attached to the Complaint establish that the Debtor was the disclosed agent for RFP, and that the property the Trustee seeks to recover was never property of the Debtor.

**DISCUSSION**

**A.  Standard on a Motion to Dismiss**

FED. R. CIV. P. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009).  Courts deciding motions to dismiss must draw all reasonable inferences in favor of the nonmoving party and must limit their review to facts and allegations contained in (1) the complaint, (2) documents either incorporated into the complaint by reference or attached as exhibits, and (3) matters of which the court may take judicial notice.  *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).  Courts also consider documents not attached to the complaint or incorporated by reference, but "upon which the complaint *solely* relies and which *[are] integral to the complaint*."  *Roth v. Jennings*, 489 F.3d

4

499, 509 (2d Cir. 2007) (internal quotation marks omitted) (emphasis in original) (quoting

*Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42,47 (2d Cir. 1991)); *see also Kalin v.*

*Xanboo, Inc.*, No. 04 Civ. 5931(RJS), 2009 WL 928280, at *8 (S.D.N.Y. Mar. 30, 2009); *Grubin*

*v. Rattet (In re Food Mgmt. Grp.)*, 380 B.R. 677, 690 (Bankr. S.D.N.Y. 2008) ("*Food Mgmt.*")

(holding that a court may consider documents that have "not been incorporated by reference

where the complaint relies heavily upon its terms and effect, which renders the document

integral to the complaint") (internal quotation marks omitted).

      Following the Supreme Court's decision in *Ashcroft v. Iqbal*, courts use a two-prong

approach when considering a motion to dismiss. *See, e.g.*, *Weston v. Optima Commc'ns Sys.,*

*Inc.*, No. 09 Civ. 3732(DC), 2009 WL 3200653, at *2 (S.D.N.Y. Oct. 7, 2009) (Chin, J.)

(acknowledging a "two-pronged" approach to deciding motions to dismiss); *S. Ill. Laborers' and*

*Employers Health and Welfare Fund v. Pfizer, Inc.*, No. 08 CV 5175(KMW), 2009 WL

3151807, at *3 (S.D.N.Y. Sept. 30, 2009) (same); *Inst. for Dev. of Earth Awareness v. People for*

*the Ethical Treatment of Animals*, No. 08 Civ. 6195(PKC), 2009 WL 2850230, at *3 (S.D.N.Y.

Aug. 28, 2009) (same).  First, the court must accept all factual allegations in the complaint as

true, discounting legal conclusions clothed in the factual garb. *Iqbal*, 129 S.Ct. at 1949–50;

*Boykin v. Keycorp*, 521 F.3d 202, 204 (2d Cir. 2008); *Spool v. World Child Int'l Adoption*

*Agency*, 520 F.3d 178, 183 (2d Cir. 2008).  Second, the court must determine if these well-

pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 129 S.Ct. at 1951.

      Courts do not make plausibility determinations in a vacuum; it is a "context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at

1950.  A claim is plausible when the factual allegations permit "the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.  Meeting the

plausibility standard requires a complaint to plead facts that show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  A complaint that only pleads facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement.  *Id.* (quoting *Twombly*, 550 U.S. at 557 (quotation marks omitted)).

In deciding a motion to dismiss, the court may consider documents that are integral to the complaint.  *Roth*, 489 F.3d at 509.  When documents contain statements that contradict allegations in a complaint, the documents control and the court need not accept as true the allegations in the complaint to the extent they are contradicted.  *Id.* at 510-11.  Where an allegation in the complaint conflicts with other allegations, or where the plaintiff's own pleadings are contradicted by other matters asserted or relied upon or incorporated by reference by a plaintiff in drafting the complaint, the court is neither obligated to reconcile the pleadings with the other matter nor accept the allegation in the pleadings as true in deciding a motion to dismiss.  *DeBlasio v. Merrill Lynch & Co., Inc.*, No. 07 Civ 318(RJS), 2009 WL 2242605, *26 (S.D.N.Y. 2009) (citing *Koulkina v. City of New York,* No. 06 Civ. 11357(SHS), 2009 WL 210727, at *6 (S.D.N.Y. Jan. 29, 2009); *Fisk v. Letterman,* 401 F. Supp. 2d 362, 368 (S.D.N.Y.2005).

## B.  Application of the Standard to the Trustee's Complaint

### 1.   *The Trustee's Complaint Fails to State a Claim Upon Which Relief Can be Granted*

#### a.   The Trustee's Complaint Contains Legal Conclusions Masquerading as Factual Allegations

The Trustee has failed to allege facts sufficient to state a claim upon which relief can be granted.  There are several problems with the facial validity and substance of the Trustee's

6

Complaint. First, the Trustee's Complaint contains conclusory legal assertions. The Court accepts as true all factual allegations in the Complaint but discounts legal conclusions clothed in factual accoutrement. *Iqbal*, 129 S.Ct. at 1949–50. The Trustee asserts that the transfer in question represents a "preferential payment" (ECF Doc. # 2, ¶ 13) and that the funds transferred are "property of the Bankruptcy Estate pursuant to § 541." *Id.* at ¶ 16. The Trustee does not support these legal conclusions with factual information. To the contrary, even if these claims qualified as factual assertions, the Invoices attached to the Trustee's Complaint in Exhibit D contradict them. Where plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss. *DeBlasio*, 2009 WL 2242605, at *26.

    b.    <u>The Documentation Annexed To and Referenced Within the Trustee's Complaint Establishes the Existence of a Principal-Agent Relationship</u>

The documentation annexed to the Trustee's Complaint and referenced therein establishes that the Debtor's relationship to GBT was that of agent and principal. The Restatement (First) of Agency provides in relevant part that,

> [t]he relationship of agency is created as the result of conduct by the parties manifesting that one of them is willing for the other to act for him subject to his control, and that the other consents so to act. The principal must in some manner indicate that the agent is to act for him, and the agent must act or agree to act on his behalf and subject to his control.

RESTATEMENT (FIRST) OF AGENCY § 1 cmt. a (1933). The Complaint, in conjunction with the attached materials, establishes that the conduct of the parties manifested an intention to create an agency relationship. It follows from a finding of an agency relationship that the transferred funds were not property of the estate and are therefore not recoverable by the Trustee.

The Invoices and the Orders establish the Debtor's role as agent acting on behalf of GBT as principal. The Debtor's own Orders specifically refer to GBT as the client and are signed by

the Debtor on a signature line marked as "authorized agency signature."  In support of their

contention that the Debtor's signature in the context of the case suffices to establish an agency

relationship, RFP cites *American Diabetes Association v. Abbey, Mecca & Co., Inc.*, No. 10-

00388, 2010 WL 3817370 (N.Y. App. Div. 4th Dept. Oct. 1, 2010).  The *American Diabetes*

court rejected plaintiff's assertion that "defendant is liable because the insertion order [did] not

explicitly state that defendant was acting on behalf of Incline."  *Id.* at *1.  The court explained

that the evidence clearly established that all parties involved knew that the defendant had been

acting on behalf of another.  While *American Diabetes* involved a breach of contract claim and a

summary judgment motion rather than a motion to dismiss, the legal conclusion in *American

Diabetes* applies here as well.  The documents attached to the Complaint here fill the same role

as the evidence offered on summary judgment in *American Diabetes*.

    Both the Invoices and Orders distinguish between the cost of the advertisements and the

agency's commissions.  The Invoices distinguish between "Agency Commission" ($1,838.47)

and "Net after Commission" ($10,418.00).  Only the former represents property of the estate, and

both parties agree that these funds have already been paid to the Trustee.  The Debtor never held

a legal or equitable interest in the remaining $20,836.00 paid to RFP.

    The Trustee claims that GBT's payment to RFP represented an offset against the

Debtor's Account Receivable.  However, under New York law, GBT was primarily liable for the

cost of the advertisements; therefore, it was appropriate for GBT to pay RFP directly instead of

paying the Debtor.  *See News America Marketing, Inc. v. Lepage Bakeries, Inc.*, 791 N.Y.S.2d

80, 82 (App. Div. 2005) (stating that "it is clear from these documents that McDonald acted as

the agent for a disclosed principal, which is responsible to make payment for goods and services

purchased by its agent within the exercise of the agent's express or implied authority") (citing *Tobron Off. Furniture Corp. v. King World Prods.*, 555 N.Y.S.2d 315, 316 (1990)).

The Trustee has failed to establish a claim for which relief may be granted. The papers establish that the relationship between the Debtor and GBT was that of an agent and principal. The funds at issue were never property of the estate and were therefore properly received by RFP. In light of the documents attached to the Complaint, the Trustee's Complaint fails to satisfy the plausibility standard established by *Iqbal*, 129 S.Ct. at 1951.

## CONCLUSION

For the reasons discussed above, the Court dismisses with prejudice the Trustee's complaint seeking recovery of property of the estate.

**IT IS SO ORDERED.**

DATED:        November 1, 2010
              New York, New York

                            **/s/Martin Glenn**
                            MARTIN GLENN
                   United States Bankruptcy Judge